UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:19 CR 759 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Antwon Boggan, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 31). For the following reasons, this Court DENIES the motion.

**Facts**

On August 27, 2020, Defendant pled guilty to an indictment charging him with one count of Felon in Possession of a Firearm & Ammunition, 18 U.S.C. § 922(g)(1) and § 924(a)(2), and one count of Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §

841(a)(1) and (b)(1)(c). The guilty plea did not include a plea agreement.[1] Defendant was sentenced to 84 months imprisonment. Defendant did not appeal.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Discussion**

Defendant, proceeding pro se, sets forth four claims for relief: (1) that he was inappropriately designated as a "career offender" after the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (2019); (2) that he never "knowingly" possessed a firearm and that he did not know that he was prohibited from possessing one, and the government could not prove both of those elements as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (3) that his sentence was improperly enhanced under U.S.S.G. § 2k2.1(b)(5), which applies to firearms trafficking, because it amounted to double counting due to his felon-in-

---

[1] Though Mr. Boggan stated several times in his motion that a "plea agreement denied direct appeal," there is no plea agreement in the record and none was referenced in the plea colloquy. He further states in his motion that he told his attorney to appeal, but his attorney's failure to do so is not one of his claims for relief.

possession count; and (4) that his counsel was constitutionally defective for failing to raise the preceding three arguments.

**(1) *Havis* Argument (Claim 1)**

Defendant argues that he was improperly labeled a "career offender." Because Defendant is before this Court on a § 2255 motion, the alleged error must be analyzed in terms of ineffective assistance of counsel rather than on the merits. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019). Defendant argues that counsel should have objected because his predicate offenses did not satisfy U.S.S.G. § 4B1.2's "controlled substance offense" definition. But whether considered on the merits or in terms of ineffective assistance, Claim 1 fails.

The Sentencing Guidelines provide for sentence enhancements if the defendant qualifies as a "career offender." U.S.S.G. § 4B1.1(a). A defendant may be designated a "career offender" if the defendant has at least two felony convictions involving a "controlled substance offense." U.S.S.G. § 4B1.1(a)(3).  A "controlled substance offense" is defined as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G § 4B1.2.

Defendant asserts that the Sixth Circuit's decision in *United States v. Havis* barred consideration of his prior convictions as "controlled substance offense[s]." In *Havis*, the Sixth Circuit held that the Sentencing Commission had inappropriately suggested in its notes that "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b), include crimes of attempt. 927 F.3d 382, 386–87 (6th Cir. 2019) (en banc). The court reasoned that "no term in § 4B1.2(b) would bear a construction" that included inchoate or attempt offenses as "controlled

substance offenses." *Id.* at 387. Thus, the court held that inchoate and attempt drug offenses could not count towards a "career offender" designation. *Id.*

Here, the basis for Defendant's "career offender" designation did not include inchoate or attempt crimes. According to the indictment to which Defendant pled guilty, Defendant was twice convicted of felony drug trafficking pursuant to O.R.C. § 2925.03(A)(2). (Doc. 1, at 1). That statute makes it a crime to "knowingly . . . [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance . . . when the offender knows or has reasonable cause to believe that the controlled substance . . . is intended for sale or resale by the offender or another person." O.R.C. § 2925.03(A). After examining this statutory text and considering the court's result in *Havis*, the Sixth Circuit held that a conviction under O.R.C. § 2925.03(A)(2) was a proper "controlled substance offense" under § 4B1.2(b) and thus could serve as a predicate felony offense to a "career offender" designation. *See United States v. Smith*, 960 F.3d 883, 887–92 (6th Cir. 2020).

Because Defendant's two prior convictions under O.R.C. § 2925.03(A)(2) are "controlled substance offenses" according to *Smith*, Claim 1 has no merit. Thus, there was no valid basis upon which Defendant's counsel could have objected.[2] Defendant's counsel could not be deficient for failure to raise a frivolous argument. *Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir. 1986).

**(2) *Rehaif* Argument (Claim 2)**

In Claim 2, Defendant argues that the holding in *Rehaif* should have been applied to his felon in possession conviction under 18 U.S.C § 922(g) and § 924(a)(2). In *Rehaif*, the Sixth Circuit held that a conviction under 18 U.S.C. § 922(g) and § 924(a)(2) requires that the

---

[2] *Smith* was decided on June 5, 2020. Mr. Boggan was sentenced on August 27, 2020.

government prove both that: (1) the defendant knowingly possessed a firearm; and (2) that the defendant knew he was in the category of persons prohibited from possessing a firearm. *Rehaif v. United States,* 139 S. Ct. 2191, 2200 (2019). The second element requires the government to prove that the defendant had knowledge that his predicate offenses qualified as felonies. *Id.* Defendant specifically claims that the government could not prove that he knowingly possessed the firearm in question and that he knew he was prohibited from possessing one because of his prior felony convictions.

Whether analyzed in terms of ineffective assistance or considered on the merits, Defendant's Claim 2 fails. In his motion, Defendant argues that he did not knowingly possess the firearm and that he did not know he was in the class of persons prohibited from having one. But these conclusory statements run counter to Defendant's guilty plea as evidenced by the change of plea and sentencing transcript. (Doc. 30). The government stated on the record the two counts of the indictment—including the § 922(g)(1) and § 924(a)(2) count—and the factual basis for those counts. (Id.). The indictment to which Defendant pled guilty alleged that he "knowingly possessed . . . a firearm" while "knowing he had previously been convicted of crimes punishable by imprisonment for terms exceeding one year." (Doc. 1, at 1).

Defendant answered in the affirmative when this Court asked whether he understood the 18 U.S.C. § 922(g)(1) and § 924(a)(2) charge. (Doc. 30, at 124). He also agreed that the factual basis of the indictment was true and correct. (Id. at 125). While *Rehaif* does require proof both that the defendant knew he possessed a firearm and that he had the predicate felony convictions that prohibit such possession, both of those elements were present in the

indictment to which Defendant pled guilty. Because Claim 2 lacks merit, counsel could not be ineffective for failing to raise *Rehaif*.

### (3) U.S.S.G. § 2k2.1(b)(5) Weapons Enhancement Argument (Claim 3)

In Claim 3, Defendant asserts that he received an improper sentence enhancement under U.S.S.G. § 2k2.1(b)(5). This provision increases a defendant's offense level by four if the defendant "engaged in the trafficking of firearms." Defendant argues that enhancing his sentence for firearms trafficking would amount to "double counting" when paired with his felon in possession count. But this Court did not give Defendant an enhancement for firearms trafficking under U.S.S.G. § 2k2.1(b)(5).

Because a sentencing guidelines objection is not cognizable on collateral review, Defendant's argument that he received an improper sentence enhancement must be viewed as an ineffective assistance claim. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019). Again, whether considered on the merits or as an ineffective assistance claim, Defendant's Claim 3 fails.

The base offense level for Defendant's Possession with Intent to Distribute Cocaine Base was 16. *See* U.S.S.G. § 2D1.1(c)(12). This Court added a two-level increase for possessing a firearm during the commission of the drug offense for an offense level of 18. U.S.S.G. § 2D1.1(b)(1). Because Defendant was properly designated a "career offender" as explained above and because the Possession with Intent to Distribute charge carried a maximum term of imprisonment of 20 years, the offense level was increased to 32. U.S.S.G § 4B1.1(b)(3). Three points were deducted for Defendant's acceptance of responsibility. U.S.S.G § 3E1.1(a)-(b). With a final offense level of 29 and a criminal history category of VI, the applicable guidelines range was 151 to 188 months. The Court ultimately varied below the

guideline range and sentenced Defendant to 84 months imprisonment. Because Defendant did not receive a four-level enhancement under U.S.S.G. § 2k2.1(b)(5), Claim 3 has no merit. Accordingly, Defendant's counsel could not have been ineffective for failing to object to an enhancement that Defendant did not receive.

### (4) Ineffective Assistance Claim (Claim 4)

In Claim 4, Defendant argues that his counsel was ineffective for failing to raise his above Claims 1–3. A petitioner alleging ineffective assistance must show that counsel's performance was inadequate and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

For the reasons discussed above, Claims 1–3 are meritless and, consequently, Defendant fails to show ineffective assistance of counsel.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 10/5/21